# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-2403

_____

Larry Wayne Jones,                    *
                                      *
            Appellant,                *
                                      *
                                      *   Appeal from the United States
      v.                              *   District Court for the
                                      *   Eastern District of Arkansas.
J T Banks, Assistant Warden, Varner   *
Super Max, ADC; Rick L. Toney,        *          [UNPUBLISHED]
Warden, Varner Super Max, ADC;        *
Ray Hobbs, Deputy Director, Arkansas  *
Department of Correction; Larry D.    *
May, Deputy Director, Arkansas        *
Department of Correction; Randall E.  *
Manus, Assistant Warden, ADC/Varner   *
Supermax,                             *
                                      *
            Appellees.                *

_____

Submitted:  November 15, 2002
Filed:  November 19, 2002

_____

Before McMILLIAN, FAGG, and BOWMAN, Circuit Judges.

_____

PER CURIAM.

Arkansas inmate Larry Wayne Jones appeals the District Court's[1] dismissal of his 42 U.S.C. § 1983 action following a pretrial evidentiary hearing. Having carefully reviewed the record, see Johnson v. Bi-State Justice Ctr., 12 F.3d 133, 135-36 (8th Cir. 1993) (noting that where only the inmate testifies during pretrial evidentiary hearing held to determine whether pro se inmate's nonfrivolous § 1983 damages claims warrant jury trial, applicable standard is whether the action would survive Fed. R. Civ. P. 50(a) motion for judgment as matter of law); Johnson v. Cowell Steel Structures, Inc., 991 F.2d 474, 478 (8th Cir. 1993) (de novo review of entry of judgment as matter of law), we affirm.

Jones sued certain Varner Supermax Unit (VSM) and Arkansas Department of Correction (ADC) officials, claiming violations of his rights under the First Amendment and the Equal Protection Clause. His claims were based on certain VSM policies that were applied to him: until inmates reached the higher incentive levels at VSM based on their good behavior, they could not possess more than two primary religious texts or receive through the mail secondary religious materials, and VSM inmates could not send out commercially prepared greeting cards.

As for Jones's claims, contrary to his assertions on appeal, the District Court conducted the hearing and analyzed the evidence presented pursuant to the standards set out in Johnson v. Bi-State, 12 F.3d at 135-36. We also agree with the District Court's analysis of Jones's claim under the Establishment Clause, see Good News/Good Sports Club v. Sch. Dist. of Ladue, 28 F.3d 1501, 1508 (8th Cir. 1994), cert. denied, 515 U.S. 1173 (1995). Nor do Jones's testimony and the grievances he filed show, as a matter of law, that the defendants substantially burdened his right to practice his religion by applying the challenged restrictions to him, see Weir v. Nix,

---

[1]The Honorable J. Thomas Ray, United States Magistrate Judge for the Eastern District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c) (2000).

114 F.3d 817, 820 (8th Cir. 1997).  Jones also cannot resurrect his Equal Protection Clause claim on appeal because he specifically stated at the hearing that he was using defendants' inconsistent application of the religious-materials restrictions solely to show they were not based on a legitimate penological objective. Finally, we agree that the evidence concerning the greeting cards failed to support a violation of his right to free speech, see Smith v. Delo, 995 F.2d 827, 829 (8th Cir. 1993), cert. denied, 510 U.S. 1052 (1994).

Accordingly, we affirm.  See 8th Cir. R. 47B.

A true copy.

Attest:

CLERK,  U.S.  COURT  OF  APPEALS,  EIGHTH  CIRCUIT.